## MOORE v. SMITH.

1. Where a verdict has been rendered establishing the legal title of the plaintiff to the land in dispute, but judgment is suspended to await an investigation of the equities set up by defendant as a defence to the action, an appeal would ordinarily be premature (*Whitesides* v. *Barber*, 22 *S. C.*, 47); but the defendant here having moved for a new trial of the issue submitted to the jury, and his motion being refused, he has the right to have his appeal heard now. *Code,* § 11, ¶ 2.

2. Where an administrator filed in the Probate Court an *ex parte* petition praying the sale of the lands of his intestate in aid of assets, and the heirs were not mentioned in any of the proceedings, in action subsequently brought by the heirs to recover the land from the purchaser at the Probate Court sale it cannot be presumed that these heirs, who were necessary parties to such a proceeding, had been brought within the jurisdiction of the Probate Court.

3. In an action by these heirs to recover the possession of this land, the defendant alleged that the purchase money paid by him had been applied to the payment of debts of the intestate. The Circuit Judge properly submitted only the legal issue to the jury, withholding from their consideration the equitable defence; and upon verdict rendered for plaintiffs, he properly suspended the entry of judgment thereon, and referred the equitable defence to the master for testimony and report.

Before KERSHAW, J., Richland, July, 1885.

The opinion fully states the case.

*Messrs. Lyles & Haynsworth*, for appellant.

*Mr. J. M. McMaster,* contra.

March 6, 1886.　The opinion of the court was delivered by

MR. JUSTICE MCIVER.　This was an action to recover possession of a tract of land, both plaintiffs and defendant claiming under a common source of title, to wit, one Edgar Dobey; the plaintiffs claiming as his heirs at law, and the defendant under a sale made by the judge of probate under a proceeding to marshal the assets of Dobey's estate.　The sale was made upon a proceeding instituted in the Court of Probate by the administrator of Edgar Dobey to which the heirs at law of said Dobey do not seem to have been made parties.　The defendant in his answer, after denying plaintiffs' title, sets up as a second defence the fact that the land was sold in aid of the personalty to pay the debts of said Edgar Dobey and bought by Andrew Crawford, Esq., for the sum of two hundred and fifty-five dollars, which was paid by him into the Probate Court and the largest portion thereof was applied to said debts.　He therefore, as the alienee of said Crawford, claimed that he should be subrogated to the rights of the creditors of Dobey whose debts had thus been paid, and that he is entitled to recoup from the plaintiffs the said sum of two hundred and fifty-five dollars so paid by said Crawford.　The plaintiffs replied admitting the payment of the two hundred and fifty-five dollars by Crawford, but denying each and every other allegation in respect thereto.

At the trial the plaintiffs proved seizin in Edgar Dobey and that they were his heirs at law, together with the rental value of the land, and then introduced the record of the proceedings in the Court of Probate under which the sale was made, by virtue of which defendant claimed title.　When the plaintiffs closed their case the defendant submitted a motion for a non-suit upon the following grounds: "1st. That in the absence of any proof to the contrary there was a presumption from the proceedings appearing in the record that the Probate Court had obtained jurisdiction of the persons of the heirs at law of Edgar Dobey by the service of the necessary process.　2d. That the real estate of said Edgar Dobey, deceased, being assets for the payment of debts and at the time in the possession of the administrator, a

sale thereof by such administrator, under the orders of the Probate Court, even without the heirs at law being parties, would convey a good title. 3d. That the land in question having been sold for the payment of the debts of Edgar Dobey, deceased, by order of the Probate Court, and the money having been applied to the payment of such debts, the plaintiffs were not entitled to maintain this action for the possession of the land without first tendering a return of the money, although the sale might have been void." The motion was refused and the defendant duly excepted.

The Circuit Judge then charged the jury that the plaintiffs, having established their legal title, were entitled to a verdict for the possession of the land, "though it would still be a question for the court, in the exercise of its equity powers, to determine what relief should be granted to the defendant." To this charge defendant excepted on the same grounds as those taken for a nonsuit. The defendant requested his honor, the Circuit Judge, to charge as follows: "That if the jury believe that the land in question was sold by order of the Probate Court for the payment of the debts of Edgar Dobey, deceased, and that the money was applied to the payment of the debts, the plaintiffs are not entitled to maintain this action for the possession of the land without first tendering a return of the money, although the sale may have been void." His honor declined so to charge and the defendant excepted.

The jury having found a verdict for the plaintiffs the defendant moved for a new trial, which was refused in an order in which the Circuit Judge held that, "although the verdict must stand, execution and enforcement thereof must be suspended until the equities of the defendant are heard and determined. The facts are not before me in such shape as to enable me to decree thereupon intelligently, but in accordance with the case of *Cathcart* v. *Sugenheimer* (18 *S. C.*, 123), I do adjudge that if the facts sustain the allegations of the answer that the said purchase money was applied in due course of administration to the payment of debts of the decedent, Edgar Dobey, to that extent the defendant is entitled to be reimbursed before he can be compelled to surrender the land to the plaintiffs. In order that the

facts may be made to appear in such form as will enable the court to make a final decree, it is ordered that it be referred to the master to take testimony and report how much, if any, of the purchase money paid for the land in dispute at the sale thereof by order of the Probate Court to Andrew Crawford, was applied to the just and *bona fide* debts of the deceased, Edgar Dobey, in due course of administration. And that the judgment herein upon the verdict of the jury be suspended until the coming in and hearing of said report and the judgment of the court thereon." The defendant excepted to the refusal of his motion for a new trial.

The defendant also gave the following notice of appeal: "Please take notice that the defendant will appeal from the judgment entered upon this cause upon the grounds stated in the exceptions heretofore taken."

This case is very much like the case of *Whitesides* v. *Barber* (22 *S. C.*, 47), where the appeal was held to be premature, there having been there, as here, no final judgment entered; and, on the contrary, the same having been suspended until the facts, upon which the equities set up by the appellant rested, were ascertained and the same adjudged. But in that case there was no order refusing a motion for a new trial of the issue submitted to the jury, while here there is such an order; and hence, under subdivision 2, of section 11, of the Code, we suppose that the appellant has a right now to have his appeal heard. We will proceed, therefore, to consider whether there was any error in refusing the motion for a new trial. The grounds of this motion are the same as those relied upon on the motion for a non-suit hereinabove set out.

We do not see how, in the face of the record to the contrary, any presumption can arise that the Court of Probate had obtained jurisdiction of the persons of the heirs at law of Edgar Dobey. The proceeding does not purport to be anything more than an *ex parte* proceeding of the administrator. The heirs are not even named as parties, and certainly the record does not show that they were ever made parties by any proper process for that purpose. The order of the judge of probate does not recite that all proper and necessary parties were before him. In fact, there is

nothing whatever to indicate that the heirs were even intended to be made parties, and, on the contrary, everything to show that they were not parties. That they were necessary parties cannot, for a moment, be doubted. The title to Edgar Dobey's real estate descended to them immediately upon his death, and could never be divested except by some act of theirs, or by some order of court made in a proper proceeding to which they were parties.

The other grounds are based upon a misconception of the nature and object of the action, and the defences set up. The action was simply an action at law to recover the possession of real estate, to which two defences were pleaded, one a denial of plaintiffs' title, which was plainly legal in its nature, the other that defendant should be subrogated to the rights of the creditors of Edgar Dobey, whose debts, as it was alleged, had been paid by the purchase money of the land, which was plainly equitable in its nature. One of these issues was triable on the law side of the court, with the aid of a jury, while the other was triable on the equity side, by the court alone; and it would have been error to confuse the two. *Adickes* v. *Lowry*, 12 *S. C.*, 97, and many other cases of a similar character. The defendant having denied plaintiffs' title, the issue thus raised was properly submitted to a jury, and that branch of the court had nothing to do with the equitable features of the case. Those features were to be considered and determined by the court after the verdict of the jury had established the legal title of the plaintiffs. There was, therefore, no error in refusing the motion for non suit on the grounds taken, or in refusing the request to charge above set out, as they involved matters not proper for the consideration of the jury, but were alone cognizable by the court after the issue as to the legal title had been determined by the verdict of the jury.

We agree entirely in the view taken by the Circuit Judge. Whether there were any *bona fide* debts due by the intestate Dobey, and whether the proceeds of the sale, or any part thereof, had been properly applied to the payment of such debts, were matters which could only be determined in a proceeding to which the heirs were parties, where they could be heard as to such questions. It did not appear that any debt had been reduced to judgment against the administrator, and it did not even appear that

any claim had been established before the judge of probate, in the proceeding for the sale of land, in the usual way under a proceeding to marshal assets, which, however, would not have been binding on the heirs, inasmuch as they were not parties to such proceeding. The only thing that does appear is that in the *ex parte* return of the administrator he credits himself with paying sundry alleged debts of the intestate, which, so far as appears, had never been legally established in any form whatever.

The judgment of this court is, that the order of the Circuit Court refusing a new trial be affirmed, and that the case be remanded to that court for such further proceedings as may be necessary to carry out the order of the Circuit Judge.